The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450-4378
Dear Senator Todd:
This is in response to your request for an opinion on the following two questions:
 May a retired/disabled police officer carry a handgun, concealed or otherwise, without a concealed weapons permit?
 If the retired/disabled police officer is still a certified law enforcement officer, though not employed by any department in the capacity of police officer, [sic] carry a handgun, concealed or otherwise, without a concealed weapons permit?
It is my opinion that under limited circumstances, the answer to your first question is "yes," and that the answer is the same whether the retired officer is still a certified law enforcement officer or not.
The "concealed carry" law was enacted in 1995. See Acts 411 and 419 of 1995. It applies to ordinary citizens wishing to obtain a concealed carry permit, and contains a provision which states that: "Certified law enforcement officers, chiefs of police, and sheriffs shall be exempt from the licensing requirements of this section, if otherwise authorized to carry a concealed handgun." This section does not speak to retired
officers (unless they are "certified law enforcement officers," otherwise authorized to carry a concealed handgun). Another act was passed at the 1995 regular session, however, which more particularly applies to retired officers.[1] Act 1332 of 1995 is entitled "AN ACT to Authorize Active and Retired Certified Law Enforcement Officers to Carry Concealed Handguns; and for Other Purposes." It sets out several criteria which retired officers must meet in order to carry a concealed weapon. The act was amended in the 1997 regular session to require, as one of the criteria, that the fingerprints of retired officers be maintained on file with the Arkansas State Police. See Acts 1997, No. 302. The relevant acts are now codified at A.C.A. § 12-15-202 (Supp. 1997), particularly subsection (b), which provides as follows:
(b)(1) Any retired law enforcement officer:
 (A) Who retired from service with a public law enforcement department, office, or agency for reasons other than mental disability; and
 (B) Who immediately before retirement was a certified law enforcement officer authorized by the public law enforcement department, office, or agency to carry a firearm in the course and scope of his or her duties; and
 (C) Who has nonforfeitable rights to benefits under the retirement plan of the public law enforcement department, office, or agency; and
 (D) Who is carrying appropriate written identification issued by the public law enforcement department, office, or agency identifying him or her as a retired and former certified law enforcement officer; and
(E) Who is not otherwise prohibited under state or federal law; and
 (F) Who has written authorization from the chief law enforcement officer of the city or county in which he resides, or in the case of retired State Police officers, written authorization from the Director, Arkansas State Police; and
 (G) Whose fingerprint impressions are on file with the Arkansas State Police together with written authorization for state and national level criminal history record screening;
 may carry a concealed handgun in accordance with regulations prescribed by the board created by § 12-15-203.
 (2) The chief law enforcement officer of the city or county shall keep a record of all retired law enforcement officers authorized to carry a concealed handgun in his jurisdiction and shall revoke any authorization for good cause shown.
A regulatory board created at A.C.A. § 12-15-203 (Repl. 1995) has the authority to promulgate rules and regulations to enforce these provisions.
Such retired officers are therefore, under the provisions of the statutes above, authorized to carry concealed weapons under certain circumstances.[2] These acts appear to stand as separate authority for such officers to carry concealed handguns, and it does not appear that such officers must comply with all the requirements of Acts 411 and 419 (the general concealed carry law) in order to do so. It is unlikely the Arkansas legislature would have enacted separate legislation for this purpose in 1995 during the same legislative session that the general concealed carry law was enacted, had it intended for retired officers to comply with the general law. In addition, it would have been unnecessary to enact Act 302 of 1997, requiring fingerprinting of such retired officers, if they were already subject to the requirements of the general concealed carry law, passed in 1995, which already contained a fingerprinting requirement. See A.C.A. § 5-73-311(a)(4)(A).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The act also regulates the carrying of concealed handguns by active certified law enforcement officers. See A.C.A. § 12-15-202(a) (Supp. 1997).
[2] The statutes do not seem to expressly contemplate a retired officer who is still a "certified law enforcement officer." Reading the statute as a whole, however, it appears that subsection (b) of A.C.A. § 12-15-202
is also properly applied to such officers. Certainly this circumstance could be addressed by proper rule or regulation of the board created at A.C.A. § 12-15-203.